UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN ARTHUR STACKHOUSE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:13-CV-664 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the court upon the motion of John Arthur Stackhouse to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response in opposition. Also before the court are Stackhouse's motion to supplement and motion for an evidentiary hearing.

**I. Background**

Following a jury trial, Stackhouse was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was originally sentenced as an armed career criminal to a 327-month term of imprisonment. See 18 U.S.C. § 924(e). However, based on the subsequent decision of the Eighth Circuit in United States v. Williams, 537 F.3d 969, 975 (8th Cir. 2008), the court determined that one of Stackhouse's predicate convictions was not a violent felony and, as a result, the armed career criminal statute did not apply. Stackhouse was re-sentenced on April 28, 2011, to a 120-month term of imprisonment. The judgment was affirmed on appeal. United States v. Stackhouse, 449 Fed. Appx. 559 (8th Cir. 2012).

**II. Discussion**

In the present motion, Stackhouse first asserts that the court improperly calculated the number of criminal history points in determining his criminal history category. Specifically, he claims that he was assessed criminal history points for his prior convictions for tampering, burglary, and stealing. This claim is factually without merit. The presentencing report the court relied on at resentencing did not assign any criminal history points for these convictions. Further, Stackhouse challenged his sentence on direct appeal. The appellate court found that the guidelines calculations were correct and that no sentencing enhancement was applied. The court of appeals concluded that there were no procedural errors at resentencing and that the 120-month sentence was substantively reasonable. Id. Stackhouse cannot relitigate any claim of sentencing error in this proceeding under § 2255. Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003); United States v. Holtzen, 718 F2d 876, 878 (8th Cir. 1983).

Stackhouse's second claim is that he was denied effective assistance of counsel as a result of his attorney's failure to object to the criminal history points assessment discussed above. Because there was no basis for such an objection, Stackhouse cannot demonstrate that his attorney was ineffective or that he was prejudiced. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Finally, Stackhouse requests leave to supplement his motion to vacate in light of the decision in Descamps v. United States, ___ U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). In that case—which involved a prosecution under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)—the Supreme Court held that a sentencing court may not apply the modified categorical approach when the statute under which the defendant has been convicted has a single, indivisible set of elements—"*i.e.*, one not containing alternative elements—that criminalizes a broader swath of conduct than the relevant generic offense." Descamps, 133 S.Ct. at

2281-2282. As discussed above, Stackhouse was not resentenced as an armed career criminal and no other enhancements were applied. Thus, the decision in Descamps is inapplicable to the issues involved in this case. Therefore, leave to supplement will be denied.

**III. Conclusion**

For the reasons discussed above, the court concludes that motion and the files and records of this case conclusively show that Stackhouse is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts his motion to vacate. Therefore, the motion will be denied without a hearing. *See* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that Stackhouse has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of May, 2016.